```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MINNESOTA
                 Civil No. 05-SC-895 (MJD/JGL)
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | ORDER FOR ENTRY OF |
| v. | ) | PRELIMINARY INJUNCTION, |
| | ) | ORDER APPOINTING |
| | ) | RECEIVER, AND OTHER |
| 1. CHRISTOPHER WILLIAM SMITH, | ) | EQUITABLE RELIEF |
| a/k/a BRUCE JONSON, CHRIS | ) | |
| JOHNSON AND ROBERT JONSON | ) | |
| 2. ONLINE PAYMENT SOLUTIONS, | ) | |
| 3. XPRESS PHARMACY DIRECT, | ) | |
| 4. ALTON SCOTT POE, | ) | |
| a/k/a SCOTT POE, | ) | |
| 5. ADVANCED FINANCIAL SVCS | ) | |
| INC., | ) | |
| 6. ANITA SMITH, | ) | |
| 7. ULTIMATE LIMOUSINE, | ) | |
| 8. SAME DAY PAY DAY, | ) | |
| 9. RIZLER, | ) | |
| 10. RIZLERNET, | ) | |
| 11. ADVISTECH S.A., | ) | |
| 12. XPRESS-RX.COM, | ) | |
| 13. DISCOUNT PHARMACY, | ) | |
| 14. GLOBAL PAY WORLDWIDE, | ) | |
| 15. VIGREX DS LLC, | ) | |
| 16. SCOTT SMITH, and | ) | |
| 17. DIAPER DECK & COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, Plaintiff United States of America ("United States") filed on May 9, 2005, a Complaint for Permanent Injunction and Other Equitable Relief and moved for a *ex parte* Temporary Restraining Order ("TRO"), Preliminary Injunction, and Other Equitable Relief.  On May 9, 2005, the Court issued a Temporary Restraining Order against Defendants.

On May 13, 2005, the United States moved for the appointment of a Receiver pursuant to 18 U.S.C. § 1345. The Court held a hearing on May 20, 2005, on its Order to Show Cause why a Preliminary Injunction should not be issued against Defendants and on the United States' Motion for the Appointment of a Receiver.

### FINDINGS OF FACT

Based upon the motion of the United States, and all the files, records, and proceedings in this matter, the Court makes the following Findings of Fact:

1. The Court has jurisdiction over the subject matter of this case and jurisdiction over the parties.

2. Venue lies properly with the Court.

3. Defendants were served with the United States' Complaint for Permanent Injunction and Other Equitable Relief and the Court's Temporary Restraining Order, dated May 9, 2004.

4. There is probable cause to believe that Defendants have committed and continue to commit federal mail and wire fraud offenses within the meaning of 18 U.S.C. §§ 1341 & 1343.

5. There is probable cause to believe that the amount traceable to Defendants' fraudulent activities is $18 million.

6. There is probable cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of federal mail and wire fraud laws absent entry of this Preliminary

Injunction and Order.

  7. The United States is likely to succeed on the merits of its Complaint for Permanent Injunction and Other Equitable Relief.

  8. Weighing the equities and considering the United States' likelihood of success in its cause of action, this Preliminary Injunction and Order is in the public interest.

  9. No security is required of the United States for issuance of a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65(c).

### I. PROHIBITED BUSINESS ACTIVITIES

  IT IS THEREFORE ORDERED that all Defendants; their agents; their officers; their employees; and all persons in active concert or participating with Defendants in their affairs are hereby temporarily restrained and enjoined:

  A. from continuing to perpetrate their fraudulent scheme of operating a business that purports to sell or provide prescription drugs to the public in violation of 18 U.S.C. §§ 1341 & 1343; and

  B. from continuing to operate or control any website that purports to sell or provide prescription drugs to the public under any name or title in violation of 18 U.S.C. §§ 1341 & 1343, including: xpress-rx.com; rxorderfill.com; supremeproductsltd.com; yourrxnetwork.com; digihealthcorp.com; digihealthcorp.net; 4receiverx.com; receiverx.com; licensedrx.com;

mypillsrefills.com; samedaypayday.com; and netmeds.com.

## II. ASSET FREEZE

IT IS FURTHER ORDERED that all Defendants; their agents, including financial and banking institutions and other entities having possession or control of Defendants' assets; their officers; their employees; and all persons in active concert or participating with Defendants in their affairs are hereby temporarily restrained and enjoined:

    A. from withdrawing or transferring up to and including $18,000,000.00 that is on deposit with or held on Defendants' behalf by any financial or banking institution, trust fund, brokerage agency, or other financial agency, public or private; B. from transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by Defendants up to and including $18,000,000.00; and

    C. from opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of Defendants, or subject to access by Defendants or under their control, without providing the United States prior notice and an opportunity to inspect the contents in order to determine that they contain no assets covered by this Preliminary Injunction.

    Assets of all named Defendants except: (1) Christopher Smith

a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., frozen pursuant to this Preliminary Injunction are deemed to be property of the Receivership, subject to administration by the Receiver, as detailed in this Preliminary Injunction and Order.

The assets frozen by this Preliminary Injunction shall include both existing assets and assets acquired after the effective date of this Order except as specifically detailed below.

<u>Allowable Expenses</u>

With regard to Defendants Christopher Smith (a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson) and Anita Smith any and all assets held in their names, either individually or jointly, or controlled by either one of them or by both of them, whether existing on or acquired after the effective date of this Order, are hereby frozen and Defendants Christopher Smith (a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson) and Anita Smith are hereby prohibited from dissipating, disposing of, or expending any of these assets, with the exception of: (1) a previously established attorney trust account created to pay attorney fees associated with pending litigation in the Eastern District of Virginia, provided no new funds are allowed to be deposited into the account; (2) wages earned and income derived from employment or personal services or gifts received by them from

this date forward from which Defendants Christopher Smith (a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson) and Anita Smith are authorized to pay only reasonable, usual, ordinary and necessary living expenses up to the amount of $7,500 per month which shall include payment of the mortgage and insurance on their home in Burnsville, which is subject to this Court's asset freeze. With regard to subparts (1) and (2) of this paragraph, there is no prejudice for either party to later make application to the Court for modification to the terms of this paragraph.  Counsel for Defendants Christopher and Anita Smith are to report regarding specific funds to be spent on legitimate business activities.  Within three business days of receipt by the government, the government must object and bring a motion before the Court or the funds may be spent.  At the end of every thirty day cycle, commencing with the entry of this Order, counsel for Defendants Christopher Smith and Anita Smith shall report to the United States regarding the amount of wages and gifts received by the Defendants and shall disclose an itemization of the funds expended.  Within three business days of receipt of the itemization by the government, the government has the right to object and bring a motion before the Court.

With regard to Defendant Scott Smith, any and all assets held in his name, either individually or jointly, or controlled by him, whether existing on or acquired after the effective date of this

Order, are hereby frozen and Defendant Scott Smith is hereby prohibited from dissipating, disposing of, or expending any of these assets, with the exception of: (1) wages earned and income derived exclusively from Defendant Diaper Deck & Company, Inc.

With regard to Defendant Diaper Deck & Company, Inc., any and all assets held in its name, either individually or jointly, or controlled by it, whether existing on or acquired after the effective date of this Order, are hereby frozen and Defendant Diaper Deck & Company, Inc., is hereby prohibited from dissipating, disposing of, or expending any of these assets, with the exception of: (1) a previously established bank account held in the name of Diaper Deck & Company at Victoria Bank, to be used exclusively by Diaper Deck & Company to conduct its business of the manufacture, sale, and distribution of baby-changing stations. Diaper Deck & Company, Inc., may acquire business income and pay related and legitimate business expenses.

### III.  DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS, INCLUDING FINANCIAL INSTITUTIONS

IT IS FURTHER ORDERED that any financial or brokerage institution, business entity, or person having possession, custody, or control of any records of Defendants, or of any account, safe deposit box, or other asset titled in the name of either Defendant, or that has maintained any such account, safe deposit box, or other asset shall:

A.  Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except:

1.  for transfers or withdrawals directed by the Receiver for those assets over which the Receiver has control pursuant to this Order or any Order of this Court; or

2.  by further order of this Court;

B.  Deny access to any safe deposit box titled in the name of Defendants or otherwise subject to access by Defendants;

C.  Provide to the Receiver, with ten (10) business days of notice of this Preliminary Injunction and Order, a sworn statement setting forth:

   1.  The identification of each account or asset titled in the name of all named Defendants except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., or held on behalf of, or for the benefit of, all named Defendants except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper

        Deck & Company, Inc.

    2. The balance of each account or a description of the nature and value of each asset under the name of all named Defendants except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., as of the close of business on the day this Order is served, and, if the account or asset has been closed or moved, the date closed or removed, the total funds removed in order to close the account, and the person or entity to whom such account or other asset was remitted; and

    3. The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc.

    D. Allow the Receiver immediate access to inspect or copy any records or other documentation pertaining to such account or asset owned or controlled by each named Defendant except: (1) Christopher

Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Receiver to obtain copies of any such records which the Receiver seeks, provided that such institution or custodian may charge a reasonable fee not to exceed fourteen (14) cents per page copied;

  E. At the direction of the Receiver, and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities owned by each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., to their cash equivalents; and

  F. Cooperate with all reasonable requests of the Receiver relating to implementation of this Preliminary Injunction and Order, including transferring funds at the Receiver's direction and producing records related to all accounts owned by each named

10

Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc.

G.   The assets and funds affected by this Preliminary Injunction and Order shall include both existing assets and assets acquired after the effective date of this Order.

## IV.   RECORDKEEPING AND BUSINESS OPERATIONS

IT IS THEREFORE ORDERED that Defendants; their agents, including financial and banking institutions and other entities having possession or control of Defendants' assets; their officers; their employees; and all persons in active concert or participating with Defendants in their affairs are hereby restrained and enjoined from:

A.   failing to maintain all business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action;

B.   altering any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action;

C.   disposing of any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action; and

## V. RECEIVERSHIP

A. APPOINTMENT OF A TEMPORARY RECEIVER

IT IS FURTHER ORDERED that Andrew Luger is appointed Receiver for the business activities of each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., and any affiliates, subsidiaries, divisions, sales, entities, successors, or assigns, with the full power of an equity Receiver. The Receiver shall solely be the agent of this Court in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court, and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Civil Procedure.

B. RECEIVERSHIP DUTIES

IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

    1. Assume full control of the business operations of each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., removing, as the Receiver deems necessary or advisable, any director, officer,

independent-contractor, employee, or agent of either Defendant from control of, management of, or participation in, the business affairs of each named Defendant except:  (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc.;

2. Take exclusive custody, control, and possession of all assets and documents of, or in the possession, custody, or under the control of, each named Defendant except:  (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., wherever situated, except those assets seized by the United States pursuant to valid orders of a court.  The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the each named Defendant except:  (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., and other

persons or entities whose interests are now held by or under the direction, possession, custody, or control of each named Defendants except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., PROVIDED, HOWEVER, the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the mail and/or wire fraud scheme alleged in the Complaint in this matter;

3. Take all steps necessary to secure the business premises of each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc.. Such steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) completing a written inventory of all assets; (b) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (c)

   videotaping all portions of the above-referenced locations; (d) securing the above-referenced locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations;

4. Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

5. Manage and administer the business of each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., until

further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary;

6. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, with regard to each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Preliminary Injunction and Order;

7. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Preliminary Injunction and Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by each named Defendants except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott

       Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., prior to the date of entry of this Preliminary Injunction and Order, except payments that the Receiver deems necessary or advisable to secure assets of each named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., such as rental payments;

8. Communicate with, and respond to communications from, customers;

9. Maintain accurate records of all receipts and expenditures that the Receiver makes as the Receiver under this Order; and

10. Wind down and close any operation of any named Defendant except: (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., that purports to sell or provide prescription drugs to the public in violation of 18 U.S.C. §§ 1341 & 1343 or otherwise violates 18 U.S.C. §§ 1341 & 1343.

C.   COOPERATION WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns shall fully cooperate with and assist the Receiver.

D.   TRANSFER OF FUNDS TO THE RECEIVER

IT IS FURTHER ORDERED that, upon service of a copy of this Preliminary Injunction and Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable requests of the Receiver relating to implementation of this Preliminary Injunction and Order, including transferring funds at the Receiver's direction and producing records related to the assets of Defendants except:  (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc.

E.   COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Preliminary Injunction and

Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, Defendants except:  (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc.  The Receiver shall file with the Court and serve on the named Defendants except:  (1) Christopher Smith a/k/a Bruce Jonson, Chris Jonson, and Robert Jonson; (2) Alton Scott Poe a/k/a Scott Poe; (3) Anita Smith; (4) Scott Smith; and (5) Diaper Deck & Company, Inc., periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Preliminary Injunction and Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

    F.   RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a bond in the sum of $1,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court direction.

    G.   DEFENDANT DIAPER DECK NOT SUBJECT TO RECEIVERSHIP

Defendant Diaper Deck and its business, which includes the manufacture, sale, and distribution of baby-changing stations, is

not subject to the provisions of this Order relating to Receivership.

## VI. JURISDICTION

IT IS FURTHER ORDERED:

(1)  the Court shall retain jurisdiction of this matter for all purposes.

(2)  Every sixty (60) days the United States shall prepare a status report to the Court regarding this Order; and

(3)  Civil discovery during the pendency of this Preliminary Injunction is stayed.

SO ORDERED, this 20th day of May, 2005.

S/ Michael J. Davis
Honorable Michael J. Davis
United States District Judge