**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

and

AMERICA ONLINE, INC.,

        Plaintiff/Intervenor,

v.                              **MEMORANDUM OF LAW & ORDER**
                                  Civil File No. 05-895 (MJD/SRN)

CHRISTOPHER WILLIAM SMITH,
et al.,

        Defendants.

_____

Gregory G. Brooker, United States Attorney's Office, Counsel for Plaintiff United States of America.

Amanda P. Biles and Jennifer C. Archie, Latham & Watkins, and Scott G. Knudson, Briggs & Morgan, PA, Counsel for Intervenor America Online, Inc.

_____

## I.    INTRODUCTION

      This matter is before the Court on the Motion to Modify May 20, 2005 Receiver Order filed by Intervenor American Online, Inc. ("AOL"). [Docket No.

114] The Court heard oral argument on July 31, 2007 and issued its oral ruling denying the motion on that date.

AOL requests that the Court order the Receiver to pay all remaining receivership funds to AOL in partial satisfaction of AOL's $5.6 million judgment against Smith and Advistech, S.A., entered January 24, 2006, in the Eastern District of Virginia. It also asks that the Court order the Receiver to provide discovery to AOL and maintain the receivership for six months to allow AOL to conduct discovery.

## II.    OVERVIEW OF FORFEITURE PROCESS AND THIRD-PARTY CLAIMS

> Under 21 U.S.C. § 853(a), the government is entitled to forfeiture of assets constituting or derived from proceeds of certain illegal drug transactions.  Forfeiture under this section of the United States Code is known as criminal forfeiture because the government must first convict a defendant of a drug crime and then prove by a preponderance of the evidence that the property – which had to be identified in the criminal indictment, Fed. R. Crim. P. 7(c)(2) – either constitutes or was purchased with proceeds from the crime.  If a jury [or the Court] finds that property is forfeitable as drug proceeds under 21 U.S.C. § 853(a), the court will enter a preliminary order of forfeiture.  Third parties who have claims to property which the government seeks to have criminally forfeited cannot intervene in the criminal action against the defendant.  21 U.S.C. § 853(k).  Instead, they must wait until the court has entered a forfeiture order based on a criminal conviction, and then petition the court under 21 U.S.C. § 853(n) for a hearing to adjudicate their interest in the property.  To succeed, third parties must prove by a preponderance of the evidence either that they had superior title to the property at the time of the crime or that they are bona fide purchasers of the property.  21 U.S.C. § 853(n)(6).  If third parties make such proof, the court will amend the preliminary order of forfeiture it entered. . . <u>Id.</u>  Once the third-party hearings have been held, or the time for filing third-party

claims has passed, the government has clear title to the property forfeited. 21 U.S.C. § 853(n)(7).

United States v. Messino, 122 F.3d 427, 427-28 (7th Cir. 1997) (case citation omitted).

### III. DISCUSSION

In the related criminal case, United States v. Smith, Crim. File No. 05-282(5), the Government sought a preliminary order of forfeiture. Under the applicable statutes, 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1), forfeiture is mandatory and courts do not have discretion to order restitution or other relief in place of forfeiture. Under the Controlled Substances Act, the defendant "shall forfeit to the United States . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a). There is a rebuttable presumption that any property acquired during the time period when the Controlled Substances Act violations occurred are subject to forfeiture when there is no other likely source for the property at issue other than violations of the Controlled Substances Act. 21 U.S.C. § 853(d). In the criminal case, the Court found by a preponderance of the evidence that the funds held by the Receiver are proceeds of the illegal online pharmacy operation. The funds are also traceable to the money laundering conspiracy.

Under Federal Rule of Criminal Procedure 32.2(b)(2), the Court enters the

preliminary order of forfeiture "without regard to any third party's interest in all or part of [the property being forfeited]."  "Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."  Id.  See also United States v. Puig, 419 F.3d 700, 703 (8th Cir. 2005)   ("A § 853(n) ancillary proceeding is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment alleging that the property is subject to forfeiture.") (citation omitted); United States v. Bieri, 68 F.3d 232, 235 (8th Cir. 1995) (holding that if property is subject to forfeiture under 21 U.S.C. § 853(a), "criminal forfeiture under this statute is mandatory, not discretionary").

"Once forfeiture is declared, the government's title relates back in time to the commission of the criminal act."  United States v. Trotter,  912 F.2d 964, 965 (8th Cir. 1990) (en banc).  Thus, a district court cannot carve out part of the property subject to forfeiture for some other use, such as for a defendant to pay a criminal fine.  Id. at 966.

> Applying the statutory relation-back doctrine, it is clear that the seized assets belonged to the United States at the time the criminal penalty was imposed.  The criminal conviction had already occurred.  A district court has no power to expend the funds of the United States without statutory authority.

Id. at 966.

The funds held by the Receiver are subject to mandatory forfeiture in the

related criminal case. The Government's interest in those funds vested at the time Christopher Smith committed the offenses of conviction. Thus, the Court concludes that it has no power to transfer the funds held by the Receiver to AOL, in effect, permitting Smith to satisfy his personal debt to AOL with funds that are subject to forfeiture. Moreover, even if the Court had the power to accomplish this task, it would be inequitable to do so in light of the fact that there exists another intervenor with an outstanding judgment against Smith who asserts an interest in the funds held by the Receiver. AOL can seek to assert its interest in those funds at an ancillary proceeding held under Federal Rule of Criminal Procedure 32.2.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Motion for Oral Argument by Intervenor American Online, Inc. [Docket No. 122] is **GRANTED**.

2. Motion to Modify May 20, 2005 Receiver Order Intervenor American Online, Inc. [Docket No. 114] is **DENIED**.

Dated: August 3, 2007
s / Michael J. Davis
Judge Michael J. Davis
United States District Court